UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

KENNETH S. ALEXANDER,

          Debtor.

Case No. A10-00123-DMD
Chapter 7

**Filed On 4/16/10**

## MEMORANDUM RE APPLICATION FOR EMERGENCY ORDER

      On March 16, 2010, the debtor filed an application for an emergency order directing the release of funds he contends are exempt. The trustee and the United States opposed the motion, each claiming that they were the party entitled to the funds. After a hearing on this matter, and supplemental briefing by the parties, I conclude the debtor's emergency application must be denied.

      The debtor is a convicted felon. As part of a federal criminal judgment entered on May 11, 2006, he was ordered to make restitution payments of $65,452.57 to the victims of his crime.[1] The debtor brought a personal injury action against the State of Alaska. He received a judgment for $45,000.00 against the State. A writ of garnishment was issued to the State of Alaska by the United States. The State of Alaska answered the writ by stating that it had "$45,000.00 due defendant Kenneth Alexander pursuant to a judgment award in

---

[1] United States' Opp'n to Debtor's App. for Emergency Order, filed Mar. 22, 2010 (Docket No 26), Ex. 1 at 5-6.

1

State Court."[2] The debtor was notified of his right to seek a hearing to claim exemptions in these funds, but did not request such a hearing. A final decree of garnishment was entered on October 1, 2008, by the United States District Court.[3] The State of Alaska was directed to pay $45,000.00 to the Clerk of the United States District Court. The State has never paid the $45,000.00 garnishment to the Clerk of the United States District Court, however.

The debtor appealed the state court judgment, seeking interest on his personal injury claim. The State of Alaska did not appeal. The debtor prevailed on the appeal and was awarded prejudgment interest and costs. At a subsequent hearing in State court, the prejudgment interest award was set at $7,847.00. Costs have not yet been determined.

The debtor filed for chapter 7 relief on February 22, 2010.[4] On March 16, 2010, he filed a pleading entitled "Application for Emergency Order Releasing Exempt Portion of the Estates Personal Injury Award Under Garnishment."[5] The debtor sought to obtain all or a portion of the garnished personal injury award and exempt substantial portions of it. The United States and chapter 7 trustee Larry Compton filed objections to the debtor's application. After a hearing on the debtor's application, held March 24, 2010, the court requested further briefing. The parties have since stipulated that the sum of $7,800.00,

---

[2] United States' Opp'n (Docket No. 16), Ex. 2.

[3] *Id.*

[4] Chapter 7 Voluntary Petition, Docket No. 1.

[5] Docket No. 21.

2

representing the prepetition interest award, could be paid to the debtor as exempt property. Disposition of the $45,000.00 garnishment remains at issue, however.

The parties have stipulated that the court may determine whether or not the funds in dispute are property of the estate, without the necessity of an adversary proceeding. That is the sole focus of my decision. I am not deciding any possible preference claims or any other potential avoidance claims which the trustee may possess, as to these funds, within this contested matter.

I find that the funds in question are not property of the debtor's estate. The Federal Debt Collection Procedures Act applies. 28 U.S.C. § 3205 sets out the procedure for garnishment. The United States was required to serve the State of Alaska and the debtor with the writ.[6] The garnishee is required to submit a written answer to the writ, and the judgment debtor is instructed on filing objections to the answer of the garnishee.[7] If an objection to the answer of the garnishee is filed, the party filing the objection must request a hearing.[8] If no hearing is requested, "the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property."[9] That is precisely what occurred here. The court's October 1, 2008, order provided:

---

[6] 28 U.S.C. § 3205(c)(3).

[7] 28 U.S.C. § 3205(c)(3)(A) and (B)

[8] 28 U.S.C. § 3205(c)(5).

[9] 28 U.S.C. § 3205(c)(7).

3

> A Writ of Garnishment has been issued and served upon garnishee State of Alaska Department of Corrections. Pursuant to the Writ of Garnishment, on August 28, 2008, the garnishee filed an Answer to the Writ of Garnishment stating that at the time of service of the Writ it had in its possession or under its control property belonging to defendant including:
>
>> $45,000.00 due defendant Kenneth Alexander pursuant to a judgment award in State Court.
>
> On August 21, 2008, the defendant was notified of his right to a hearing and has not requested a hearing to determine exempt property. Defendant's right to object to garnishment is now in default pursuant to 28 U.S.C. § 3205(c)(7).[10]

The court entered a final decree of garnishment directing the State of Alaska to pay funds to the Clerk of the United States District Court.[11]

The debtor had no rights in the funds following the District Court's entry of the decree of garnishment. I concur with the authorities cited by the United States. As noted in CJS, "a turnover order entered in connection with garnishment divests the debtor of any interest in the property."[12] Here, the final decree of garnishment divested the debtor of any interest in the $45,000.00. The fact that the State of Alaska failed to comply with the

---

[10] United States' Opp'n (Docket No. 27), Ex. 2.

[11] *Id.*

[12] 38 C.J.S. *Garnishment* § 417 (citations omitted).

4

garnishment order does not render the decree meaningless.  The debtor has had no interest in the funds since October 1, 2008.  I view this conclusion as consistent with Judge Posner's decision in *Matter of Freedom Group, Inc.*[13]

The trustee argues that the United States did not perfect its interest in the funds under 18 U.S.C. § 3613(d).  The United States has produced a document that shows a notice of lien was filed December 5, 2003.[14]  The United States has complied with § 3613(d).

For the foregoing reasons, I find that the $45,000.00 is not property of the estate.  This finding is without prejudice, however, to any preference or avoidance claims which the trustee may assert as to the funds.  The debtor's application for an emergency order will be denied.  An order and judgment will be entered consistent with this memorandum.

DATED: April  16, 2010.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  Pro Se Debtor
        R. Pomeroy, Esq.
        S. Moore, Esq.
        E. LeRoy, Esq.
        L. Compton, Trustee
        U.S. Trustee

        04/16/10

---

[13] 50 F.3d 408 (7th Cir. 1995).  Judge Posner concluded that a garnishment was not a transfer for preference purposes until a final order of garnishment was issued.

[14] Supplemental Briefing of the United States, filed Apr. 9, 2010 (Docket No. 40), Ex. 3 (Document Display from Recorder's Office, Alaska Dept. of Natural Resources).